IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GUNS DOT COM, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:25-cv-924 |
| | ) |
| MICHAEL GRECCO; MICHAEL GRECCO | ) |
| PRODUCTIONS, INC.; MICHAEL | ) |
| GRECCO PHOTOGRAPHY, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Guns Dot Com, LLC ("Guns.com") brings this Complaint against Defendants Michael Grecco ("Grecco"), Michael Grecco Productions, Inc. ("MCPI"), and Michael Grecco Photography, Inc (each a "Defendant" and, collectively, the "Defendants") for a declaratory judgment that Plaintiff's alleged use of the image of "The X-Files" (the "Work") that Defendants claim infringes their copyright in the Work constitutes fair use and does not infringe any valid and enforceable copyright rights of Defendants.

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 that Plaintiff did not infringe any alleged copyrights of Defendants as any purported use of the Work in question is lawful under the statutory "fair use" doctrine set forth in the Copyright Act, 17 U.S.C. § 107.

2. Plaintiff brings this action to clarify the rights of the parties and to refute Defendants' assertions of Plaintiff's copyright infringement of the Work.

1

3. The Copyright Registration for the Work (Registration No. VA0001418417) provided to Plaintiff by Defendant Grecco in a communication dated October 7, 2025 (hereinafter, "Demand," attached hereto as **Exhibit A**) appears to list Defendant Michael Grecco Photography, Inc. as the Copyright Claimant.

4. Defendants have accused Plaintiff of infringing their alleged copyrights in the Work. Plaintiff denies infringement and claims fair use and that Defendants' claims are barred by the statute of limitations.

5. Plaintiff has been forced to bring this action as a result of Defendants' improper threats and assertions of copyright infringement against Plaintiff as described herein, and monetary claims that far exceed the value of the Work.

## THE PARTIES

6. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware.

7. Plaintiff operates an office location in Richmond, Virginia with an address of 3122 W. Marshall St, Ste 101, Richmond, VA 23230. Plaintiff's Richmond, Virginia office location serves as the co-headquarters of Plaintiff's our business, with fifteen (15) employees, including Plaintiff's Co-CEO, Senior Director of Marketing, and Content Manager all being located in the Richmond office. Further, Plaintiff's web content is produced at the behest and direction of Plaintiff's marketing team located in Richmond, with remote and contract content creators reporting solely to the management team in Richmond. As of the date the First URL (as defined herein) was published in 2015, Chris Callahan, the individual the Demand was addressed to by Defendants, was running the marketing department out of the Richmond, Virginia office.

8. Defendant Michael Grecco Productions, Inc. is a California corporation with a Principal Address of 3103 17th Street, Santa Monica, California, 90405.

9. Defendant Michael Grecco Photography, Inc. is the purported copyright holder of the Work allegedly infringed by Plaintiff and, upon information and belief, Michael Grecco Productions, Inc. was formerly Michael Grecco Photography, Inc. until the corporation's name was changed in 2012.

10. Defendant Michael Grecco is a natural person and, upon information and belief, a resident of California and the author of the photograph depicted in the Work.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's federal declaratory judgment claims pursuant to 28 U.S.C. §§ 1331.

12. This Court has personal jurisdiction over Defendants because they directed the Demand to Plaintiff in Virginia and, upon information and belief, they regularly conduct and transact business in Virginia and this judicial district.

13. Upon information and belief, Defendants have offered their services to consumers in Virginia and this district. Defendants maintain, upon information and belief, continuous and systematic contacts with and regularly transact business with consumers in Virginia sufficient to permit the exercise of personal jurisdiction.

14. Upon information and belief, Defendants also own and operate the website https://grecco.com/ and promote their photography and related services as being "worldwide" thereon.

15. Further, Defendants' Demand was addressed to Plaintiff and its officers in Richmond, Virginia. Thus, Defendants' threats of litigation regarding the dispute described herein

directed to Plaintiff within the Commonwealth of Virginia, in combination with Defendants' promotion and offering of their services to customers in Virginia and this district, further subject Defendants to personal jurisdiction in Virginia and this district.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District, including the Demand.

## FACTUAL ALLEGATIONS

17. Plaintiff operates a website at www.guns.com ("Plaintiff's Website") which started as a "news" site with timely news stories often published and/or reposted from other news sources.

18. Plaintiff's Website now also features an online marketplace for firearms, ammunition, and related accessories, but still includes a news section that includes information about firearms.

19. On October 7, 2025, Defendant Grecco, stating that he was authorized to act on behalf of Defendant Michael Grecco Productions, Inc., sent Plaintiff the Demand via electronic mail including a cease-and-desist letter with the subject line "Grecco v Guns.com - United States Federal Copyright Infringement" alleging that Plaintiff was infringing and had infringed the Defendants' copyright rights in the Work.

20. Specifically, the Demand alleged that Plaintiff infringed the Work, an image of The X-Files, by including the Work on the webpages at two (2) URLs on the Plaintiff's Website: (1) https://www.guns.com/news/2015/01/20/new-x-files-series-on-the-horizon-maybe-says-fox-ceo ("First URL") and (2) https://images.guns.com/wordpress/2015/01/The-X-Files.jpg. *See* Exhibit A ("Second URL").

21. The First URL cited in the Demand featured a news article posted from Plaintiff's Website's "news" Section dated January 20, 2015, which included, upon information and belief, an embedded story from Entertainment Weekly featuring the Work (without any copyright notice) as depicted in Exhibit A and below:



22. The Second URL was accessible only by direct link and the content at the link was solely comprised of the Work.

23. The Demand did not cite any other alleged uses of the Work by Plaintiff, and Plaintiff had no knowledge that the Work was copyright protected until receiving the Demand.

24. Upon its receipt of the Demand and initial investigation into the claims raised therein by Defendants, Plaintiff investigated and found that the First URL had already been removed and then immediately removed the Second URL.

25. Counsel for Plaintiff substantively responded to Defendants' Demand on October 21, 2025, confirming that the URLs had been removed and advising Defendants that any alleged use of the Work by Plaintiff had been for solely news-reporting purposes, on a single re-posted news story article from January 2015, and was *de minimis* and fair use of the Work.

26. The Demand threatened damages of up to $150,000, in addition to attorney's fees and costs, if Plaintiff did not comply with certain demands. Defendants' Demand and follow-up correspondence repeatedly threatened that Defendants would initiate a lawsuit against Plaintiff and its owners if the parties did not reach a retroactive licensing fee arrangement. *See* Exhibit A.

27. Despite Plaintiff's position that it had derived no commercial value from the alleged use of the Work on the URLs, that any such use did not affect the potential market for or value the Work and, *inter alia*, was fair use and beyond the statute of limitations, in good faith Plaintiff removed the Second URL after discovering the First URL was already taken down, responded to Defendant's Demand, and offered to settle the matter with Defendants.

28. Defendants rejected Plaintiff's settlement offer and several additional counter-offers, with Defendants' demanding $25,000 as a final offer to resolve the dispute regarding the Work raised in the Demand.

29. It is widely reported that Grecco is a known "copyright troll" who "makes a living by suing people." *See* https://www.thewrap.com/michael-grecco-copyright-troll/.

30. While Plaintiff is attempting to resolve and settle any issues raised in the Demand in good faith for a reasonable amount commiserate with similar license fees that are typical in the

market for a singular use of a photograph for news reporting purposes, Defendants have threatened to initiate a lawsuit if Plaintiff does not agree to its $25,000 settlement demand, despite Defendants having only been awarded $750 and no attorney's fees or costs for similar claims in other cases. *See, e.g., Golden v. Michael Grecco Prods., Inc.,* 524 F. Supp. 3d 52, 67 (E.D.N.Y. 2021).

31.     Plaintiff maintains that pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107, its alleged use of the Work is considered "fair use."

32.     Plaintiff's alleged use of the Work was purely for news reporting purposes back when that was the sole purpose of Plaintiff's Website. Specifically, the webpage at the First URL in the Demand features a news article that does not relate to or promote Plaintiff's products or services in the field of firearms, nor could it since it was years later when that portion of Plaintiff's Website was developed. The news article was reporting news about revamping a popular television series and was purely informational and non-commercial in nature. In addition, Google Analytics shows that the site received no traffic before September of 2025 when this dispute arose. *See* **Exhibit B**, a screenshot of Google analytics data back to January 2020 that shows no activity on the First URL until September 22, 2025.

33.     Plaintiff's alleged use of the Work caused no market harm to Defendants. Similarly, the photograph featured in the Work is one of many such photographs of The X-Files widely available online and, therefore, any market value has been substantially diminished by the widespread use of similar photographs.

34.     Plaintiff further alleges that its conduct including any alleged infringement of the Work on the above URLs does not warrant an award of attorneys' fees as Defendants claimed they will seek in litigation.

35. Plaintiff further alleges that because the URLs cited in Defendants' Demand featured an article published in 2015, that any claims against Plaintiff by Defendants for copyright infringement should be barred by the applicable statute of limitations.

36. On information and belief, Defendants have assigned away any rights they may have had in the Work to the Fox Broadcasting Company and/or licensed away rights for promotional services consistent with Plaintiff's alleged use here.

## COUNT I

**Declaratory Judgment (28 U.S.C. §§ 2201, et seq.)**

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. This claim arises under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Copyright Act, 17 U.S.C. §§ 101-810.

39. As detailed above, Defendants allege that Plaintiff was infringing Defendants' copyrights in the Work, sent Plaintiff the Demand seeking a retroactive license fee, and threatened to initiate a lawsuit against if Plaintiff failed to comply with Defendants' demands, which include a $25,000 settlement payment.

40. An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the alleged violations of Defendants' purported copyright rights in the Work.

41. Plaintiff is not infringing and has not infringed any copyrights in the Work asserted by Defendants.

42. Defendants lack sufficient rights in the Work to demand any claim in this case.

43. Despite what Defendants contend were infringing uses of the Work, the alleged use of the Work by Plaintiff constituted a single news article reposted from a third-party news site in 2015, was fair use for solely new-reporting purposes, and was *de minimis* use of the Work.

44. Plaintiff's alleged use of the Work or other conduct alleged by Defendants did not amount to willful copyright infringement and should not result in attorneys' fees being awarded to Defendants.

45. Plaintiff removed the URLs cited in Defendants' Demand, which did not constitute copyright infringement under the Copyright Act and was fair use, and Plaintiff requests this Court enter judgment declaring the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

A. Declare that Plaintiff's accused use of the Work by Defendants does not constitute a violation of the Copyright Act;

B. Award Plaintiff attorneys' fees, expenses, and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1920; and

C. Award to Plaintiff such further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury of all issues so triable.

Dated: November 6, 2025                              GUNS DOT COM, LLC

                                                            By:    /s/  Richard T. Matthews
                                                                                  Richard T. Matthews
                                                                                  Virginia State Bar No. 71241
                                                                                  Counsel for Plaintiff
                                                                                   WILLIAMS MULLEN
                                                                                  301 Fayetteville St., Suite 301
                                                                                  Raleigh, NC 27612
                                                                                  Telephone: (919) 981-4000
                                                                                  Facsimile: (919) 981-4300
                                                                                  rmatthews@williamsmullen.com